SCHWARTZ, Senior Judge
(dissenting in part).
While I agree that the state’s not-so-veiled, thoroughly disingenuous references, through the use of the code word “cauldron,” among others, to Santería rites as practiced by the defendant were grossly improper, I disagree that this established error should be disregarded as harmless. Particularly in view of the second degree murder conviction, it may not be said, I think, that these inflammatory references, which went directly to the character of the defendant, had no effect upon that finding (as opposed, for example, of one of aggravated manslaughter), which is, by definition, the result of what the jury must find was a “depraved mind.” § 782.04(2), Fla. Stat. (2007). See Javier Dejesus Ventura v. State, 29 So.3d 1086 (Fla. 2010) (“Overwhelming evidence of guilt does not negate the fact that an error that constituted a substantial part of the prosecution’s case may have played a substantial part in the jury’s deliberation and thus contributed to the actual verdict reached.”) (citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986)).
In Stephenson v. State, 31 So.3d 847 (Fla. 3d DCA 2010), we recently found fundamental error in unpreserved, but highly objectionable references to an issue which may have adversely affected the jury’s characterization of the defendant, and therefore, the degree of the crime of which she may have been guilty. Cf. Montgomery v. State, — So.3d —, 2009 WL 350624 (Fla. 1st DCA 2009), cert. granted, 11 So.3d 943 (Fla. May 7, 2009) (“If the jury found the defendant did not intend to kill, the erroneous instruction effectively precluded the jury from choosing between two possible verdicts: second degree murder or manslaughter by act. Under the erroneous instruction, the jury was directed to pick the greater of these two offenses. Such interference with the jury’s deliberative process tainted the underlying fairness of the entire proceeding.”). In my opinion, this case, in which objections were improperly overruled, presents an a fortio-ri situation.
I would reverse for a new trial.